UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| THOMAS WAYNE MICHAELS,          ) | |
| ) | |
| Petitioner,          ) | |
| ) | |
| v.          ) | No. 4:24-cv-00050-SEB-KMB |
| ) | |
| UNITED STATES OF AMERICA,          ) | |
| ) | |
| Respondent.          ) | |

**ORDER GRANTING MOTION TO DISMISS**

The United States has moved to dismiss Petitioner Thomas Michaels' motion for relief under 28 U.S.C. § 2255. Dkt. 7. For the reasons below, that motion is **GRANTED**.

**I. Background**

On March 13, 2020, the Court entered judgment against Mr. Michaels for drug charges after accepting his guilty plea. *United States v. Michaels*, No. 4:18-cr-00015-SEB-VTW-1, dkt. 54 (hereinafter "Crim. Dkt."). Mr. Michaels did not appeal the judgment. On March 20, 2024, Mr. Michaels filed a motion to vacate, set aside, or correct sentence under § 2255. Dkt. 1.

Regarding the timeliness of the motion, Mr. Michaels states:

> In March 2020 when I was sentenced we were hit with Covid lockdowns until 5-11-23[.] Since then I've been in transit twice. While on these lockdowns we have no access to the legal offices in prison and no access to forms. I kept trying to get [trial counsel] Logan Sims to send me my discovery and transcripts for over 2 years. I even wrote Judge Barker about it so this is as timely as I could possibly get. I got to the halfway house in like 5 or 6 months but this is still important to me. Thank you for your time and consideration.

Dkt. 1 at 12.

On July 16, 2024, the United States filed a motion to dismiss Mr. Michaels' motion as untimely. Dkt. 7. Mr. Michaels has not responded, despite the Court extending his time to do so. Dkts. 9, 11.

## II. Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The limitations period is triggered by the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), the limitation period begins to run on "the date on which the judgment of conviction [became] final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). A defendant has 14 days after entry of judgment to file a notice of appeal. Fed. R. App. P. 4(b)(1).

It is clear that the one-year deadline for Mr. Michaels to file a § 2255 motion expired no later than March 27, 2021—one year plus fourteen days after judgment. Mr. Michaels' motion was filed nearly three years beyond that deadline. Mr. Michaels does not allege that any of the four statutory exceptions for allowing a belated § 2255 filing apply to his case.

Mr. Michaels' motion does request that the deadline for filing the motion be equitably tolled. *See Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). But equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control" that prevented him from filing the petition on time. *Id.* (quoting *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014)). Equitable tolling requires a showing that (1) the petitioner was pursuing his rights diligently; and (2) extraordinary circumstances prevented a timely filing. *Holland*, 560 U.S. at 649.

Mr. Michaels' claims regarding the COVID-19 pandemic do not explain why he could not file a timely 2255 motion. Although Mr. Michaels asserted that he lacked access to forms during the COVID-19-related lockdowns, he did file several motions asking for copies of case-related matters in this Court in 2020. Crim. Dkt. 56 (March 26, 2020, motion for copies); Crim. Dkt. 58 (July 23, 2020, motion for copies). Mr. Michaels could have asked for a copy of a 2255 motion form, but he did not. Further, Mr. Michaels filed a pro se motion for compassionate release on November 9, 2020. Crim. Dkt. 61. Thus, his access to the Court was not inhibited by the pandemic-related lockdowns. "Courts have denied equitable tolling based on the COVID-19 pandemic and resulting limitations on law library access where the litigant fails to demonstrate how those limitations prevented him from timely filing his motion." *United States v. Yarber*, No. 2:17-CR-20007-SLD-EIL, 2024 WL 945290, at *3 (C.D. Ill. Mar. 5, 2024) (citing *United States v. Williams*, No. 21 C 4025 (No. 17 CR 446), 2022 WL 2208855, at *3 (N.D. Ill. June 21, 2022) (citing cases)). *See also Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021); *United States v. Henry*, No. 2:17-CR-00180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the

COVID-19 pandemic specifically prevented him from filing his motion."). Mr. Michaels has failed to show he was diligently pursuing collateral relief in the year after his judgment became final.

For these reasons, the Court concludes that equitable tolling cannot excuse the belated filing of Mr. Michaels' § 2255 motion.

### III. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Michaels has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). *See also Peterson v. Douma*, 751 F.3d 524, 530-31 (7th Cir. 2014) (certificate of appealability when case is dismissed on procedural grounds requires showing that reasonable jurist would find district court's procedural ruling was incorrect); *United States v. Henry*, No. 21-1285, 2021 WL 3669374 (3d. Cir. June 3, 2021) ("For substantially the reasons given by the District Court, jurists of reason would not find it debatable that appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 was untimely filed, and that equitable tolling was unwarranted.") (cleaned up). The Court therefore **denies** a certificate of appealability.

### IV. Conclusion

Mr. Michaels is not entitled to relief on his § 2255 motion because it is barred by the statute of limitations. The United States' motion to dismiss, dkt. [7], is **GRANTED**, and this action is **dismissed with prejudice**. The **clerk is directed** to enter final judgment, to docket a copy of this

4

order in the criminal case, No. 4:18-cr-0015-SEB-VTW-1, and to terminate the pending § 2255 motion in the criminal case, dkt. [78]. A certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

Date: 2/5/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

THOMAS WAYNE MICHAELS
16463-028
FLORENCE - FCI
FLORENCE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
PO BOX 6000
FLORENCE, CO 81226

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov